#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WARDELL ALLEN SR., ROBERT BATES, WILLIE BATES, LUIS BAUTISTA, JERRY BELONEY, ERNEST BLUNT, ISIAH BROOKS, DARRYL BROWN, HADEN BROWN, MARCEL BROWN, MIGUEL BUSTAMENTE, IVORY CHANEY, GLENN COBBS, ELLIOT FORD, JOHNNY GAYDEN, ALFRED HAMILTON, STANLEY HARRIS JR., STANLEY HARRIS SR., GLYNN HUBBARD, KESHAWN JACKSON, ANDREW JAMES, BENNIE JOHNSON, TERRY JOHNSON, JAMES KNOX, LEO LANGE III, SERVAN LAWSON, ALFRED LEBANT, AARON MARTIN, DENNENE MOTT, TRIPPOLLA NAPOLEON, DERRICK A. NUTTER, WARREN PECK JR., PATRICK PRICE, AUGUST RICHARDS, LATTEEL ROBERTS, RICKY ROBINSON, LLOYD SMITH, DOROTHY TAYLOR, JEFFERY WASHINGTON, JOE WASHINGTON, ALBERT WILLIAMS, ALFONZO WILLIAMS, D.C. WILLIAMS, DONALD WILLIAMS, and MARY WILLIAMS individually and on behalf of other similarly situated individuals,<br><br>        Plaintiffs,<br><br>v.<br><br>WASTE MANAGEMENT, INC., and WASTE MANAGEMENT OF LOUISIANA, LLC<br><br>        Defendants. | Case No.:<br><br>COLLECTIVE ACTION COMPLAINT<br>(JURY TRIAL DEMANDED) |

1

Plaintiffs Wardell Allen Sr., Robert Bates, Willie Bates, Luis Bautista, Jerry Beloney, Ernest Blunt, Isiah Brooks, Darryl Brown, Haden Brown, Marcel Brown, Miguel Bustamente, Ivory Chaney, Glenn Cobbs, Elliot Ford, Johnny Gayden, Alfred Hamilton, Stanley Harris Jr., Stanley Harris Sr., Glynn Hubbard, Keshawn Jackson, Andrew James, Bennie Johnson, Terry Johnson, James Knox, Leo Lange III, Servan Lawson, Alfred LeBant, Aaron Martin, Dennene Mott, Trippolla Napoleon, Derrick A. Nutter, Warren Peck Jr., Patrick Price, August Richards, Latteel Roberts, Ricky Robinson, Lloyd Smith, Dorothy Taylor, Jeffery Washington, Joe Washington, Albert Williams, Alfonzo Williams, D.C. Williams, Donald Williams, and Mary Williams ("Plaintiffs") individually and on behalf of other similarly situated individuals, for their Complaint against Defendants Waste Management, Inc. and Waste Management of Louisiana, LLC ("Defendants"), state as follows:

**PRELIMINARY STATEMENT**

1.  The Plaintiffs in this action were previously "opt-in" plaintiffs in a Fair Labor Standards Act overtime case captioned *Saleen et al. v. Waste Management, Inc.,* No. 08-4959 PJS/JJK (D. Minn.), which was filed on August 18, 2008 in the United States District Court for the District of Minnesota. Plaintiffs live and/or worked as drivers and/or ride-along loaders/helpers for Defendants in Louisiana during the time periods relevant herein. During Plaintiffs' employment, Defendants automatically deducted one-half hour of pay from Plaintiffs each day to account for meal and/or break periods. Plaintiffs, however, regularly worked without taking full half-hour uninterrupted meal and/or break periods. As a result of Defendants' unlawful practices, Plaintiffs customarily and regularly worked for Defendants in excess of forty (40) hours per week without being paid for all overtime hours worked.

2. On June 15, 2009, the Honorable Magistrate Judge Jeffery J. Keyes denied the plaintiffs' motion in the *Saleen* case for nationwide conditional class certification and judicial notice pursuant to 29 U.S.C. § 216(b). The plaintiffs in the *Saleen* case subsequently sought review of the order by the Honorable Judge Patrick J. Schiltz.

3. On September 1, 2009, Judge Schiltz affirmed the denial of the *Saleen* plaintiffs' motion for nationwide conditional class certification, and dismissed Plaintiffs' claims without prejudice. The court gave Plaintiffs 60 days to re-file their FLSA claims in an appropriate venue.

4. Pursuant to Judge Schiltz's order, Plaintiffs now bring this collective action for unpaid wages and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## JURISDICTION & VENUE

5. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants operate facilities in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

7. Defendant Waste Management, Inc. is a foreign corporation with its principle place of business in Houston, Texas. Defendant Waste Management of Louisiana, LLC is a foreign corporation with a registered agent located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana. Defendants provide sanitation and trash collection services throughout the United States. Defendants, in conjunction with their respective divisions and subsidiaries, suffered and permitted Plaintiffs and those similarly situated to work on their behalf, providing

sanitation and related services.  Each Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

8. Plaintiffs Wardell Allen Sr., Robert Bates, Willie Bates, Luis Bautista, Jerry Beloney, Ernest Blunt, Isiah Brooks, Darryl Brown, Haden Brown, Marcel Brown, Miguel Bustamente, Ivory Chaney, Glenn Cobbs, Elliot Ford, Johnny Gayden, Alfred Hamilton, Stanley Harris Jr., Stanley Harris Sr., Glynn Hubbard, Keshawn Jackson, Andrew James, Bennie Johnson, Terry Johnson, James Knox, Leo Lange III, Servan Lawson, Alfred LeBant, Aaron Martin, Dennene Mott, Trippolla Napoleon, Derrick A. Nutter, Warren Peck Jr., Patrick Price, August Richards, Latteel Roberts, Ricky Robinson, Lloyd Smith, Dorothy Taylor, Jeffery Washington, Joe Washington, Albert Williams, Alfonzo Williams, D.C. Williams, Donald Williams, and Mary Williams live and/or worked as drivers and/or ride-along loaders/helpers for Defendants in Louisiana during the applicable statute of limitations.  Plaintiffs are "employees" as defined by 29 U.S.C. § 203(e).

9. Plaintiffs bring this action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  (See Consent Forms attached as Exhibit A). Plaintiffs and similarly situated individuals are employees who worked for Defendants in Louisiana as drivers and/or ride-along loaders/helpers in excess of forty (40) hours per week without being paid for all overtime hours worked during the applicable statute of limitations.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

10. During the relevant statutory period, Plaintiffs and similarly situated individuals worked as or performed the duties of drivers and/or ride-along loaders/helpers for Defendants.

11. During the statutory period, Defendants automatically deducted one half-hour of pay per day to account for meal and/or break periods.

12. During the statutory period, Plaintiffs regularly worked without taking full half-hour uninterrupted meal and/or break periods.

13. During the statutory period, Plaintiffs and similarly situated individuals routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all overtime hours worked.

14. These practices violate the provisions of the FLSA, 29 U.S.C. § 201, *et seq.* including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiffs and similarly situated individuals have suffered a loss of wages.

15. Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of these laws.

## COUNT I

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

16. Plaintiffs and similarly situated individuals incorporate the foregoing paragraphs by reference as if fully set forth herein.

17. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

18. Defendants' actions, policies, and/or practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals at the required overtime rate.

19. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and similarly situated individuals are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all individuals similarly situated who join in this action demand:

1. Judgment against Defendants for an amount equal to Plaintiffs' and similarly situated individuals' unpaid back wages at the applicable overtime rate;

2. Judgment against Defendants that their violations of the FLSA were willful;

3. An equal amount to the overtime damages as liquidated damages;

4. All costs and attorney's fees incurred in prosecuting this claim;

5. An award of prejudgment interest (to the extent liquidated damages are not awarded);

6. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

7. Leave to amend to add claims under applicable state laws; and

8. For such further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: October 27, 2009

ROBEIN, URANN, SPENCER, PICARD & CANGEMI, A.P.L.C.

s/Nancy Picard
Nancy Picard (La. Bar No. 19449)
npicard@ruspclaw.com
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone:  (504) 885-9994
Facsimile:  (504) 885-9969

NICHOLS KASTER, PLLP
Rachhana T. Srey, (MN Bar No. 340133)
srey@nka.com
(*pro hac vice* application forthcoming)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870

ATTORNEYS FOR PLAINTIFFS AND
PUTATIVE CLASS MEMBERS